988 F.2d 123
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellant,
v.
Kevin CUNNINGHAM, Defendant-Appellee.
 No. 92-30234.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 22, 1993.*
Decided March 5, 1993.
 
 Appeal from the United States District Court for the Western District of Washington; No. CR-92-30-01-WLD, William L. Dwyer, District Judge, Presiding.
 W.D.Wash.
 AFFIRMED.
 Before GOODWIN, SCHROEDER and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The United States appeals the district court's order granting Kevin Cunningham's motion for a new trial based on the prosecutor's comments made during closing argument in Cunningham's jury trial for conspiracy to manufacture and manufacture and possession of marijuana with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 846. The United States contends that the prosecutor's statement made during closing argument that Cunningham did not pay taxes on money earned by selling marijuana did not constitute plain error sufficient to require a new trial. We have jurisdiction pursuant to 18 U.S.C. § 3731, and we affirm.
 
 
 3
 We review for abuse of discretion a district court order granting a motion for a new trial and the appellant carries a "significant burden" to show abuse. United States v. Steel, 759 F.2d 706, 713 (9th Cir.1985).[1] Prosecutors and defense counsel are "allowed reasonably wide latitude in closing arguments," but the statements will constitute reversible error where they are "so gross as to have probably prejudiced the defendants and the prejudice was not neutralized by the trial judge." United States v. Vaccaro, 816 F.2d 443, 451 (9th Cir.), cert. denied, 484 U.S. 914 and 928 (1987) (citations omitted). This court recognizes the importance of deferring to a district court judge's decision which "was based both on his observations at trial and on his review of the evidence offered in support of the new trial motion." United States v. Shaffer, 789 F.2d 682, 689 (9th Cir.1986).
 
 
 4
 The government alleges that the district court failed to consider the prosecutor's comment in the context of the closing argument or within the context of the entire trial, and therefore the court erred in finding that the comment constituted plain error sufficient to require a new trial. Even though the prosecutor never used the word "tax evasion" in his argument, he did imply that Cunningham had not paid taxes on the money value of the seized drugs when he commented: "That's more money than some people make working their tails off all year long. And those people have to pay taxes and have withholding taken out of their earnings. You can bet that's not happening here." In its careful review of the prosecutor's closing argument, the district court found that the thrust of the prosecutor's language was to tell the jury that Cunningham was also guilty of a different, uncharged felony, and the comments were the "culmination of a detailed and telling argument." The court concluded that the comments constituted plain error in that they clearly invited prejudice and were not justified by the evidence. Moreover, the trial judge did not neutralize the prejudice, and therefore ordered a new trial as the proper remedy. See Vaccaro, 816 F.2d at 451. In light of the fact that the prosecutor during closing argument accused Cunningham of an uncharged felony, we cannot say that the district court abused its discretion in its determination that the comment was sufficiently prejudicial to deny Cunningham a fair trial. See Shaffer, 789 F.2d at 689. Consequently, the district court did not abuse its discretion in ordering a new trial pursuant to Fed.R.Crim.P. 33.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. The government's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The government suggests that we review whether the prosecutor's statement at closing argument constituted plain error requiring a new trial. This would constitute de novo review of the district court's decision. The district court applies the "plain error" standard in reaching its decision, our review of that decision is under the abuse of discretion standard. See United States v. Marashi, 913 F.2d 724, 732 (9th Cir.1990)